```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
NAHOOR GREEN,                            :
                                         :
                 Plaintiff,              :
                                         :   11 Civ. 2554 (DLC)
         -v-                             :
                                         :   OPINION & ORDER
FEDERAL BUREAU OF PRISONS, WARDEN        :
HASTINGS,                                :
                                         :
                 Defendants.             :
                                         :
----------------------------------------X
```

APPEARANCES:

For plaintiff:

Nahoor Green, pro se
Reg # 91505-054
Metropolitan Correctional Center
150 Park Row
New York, NY 10007

For defendants:

Leslie A. Ramirez-Fisher
United States Attorney's Office
Southern District of New York
86 Chambers Street
3rd Floor
New York, NY 10007


DENISE COTE, District Judge:

   Plaintiff Nahoor Green ("Green"), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 for compensatory and punitive damages against the Federal Bureau of Prisons ("BOP") and the Warden ("the Warden") of the Metropolitan Correctional

Center ("MCC").  Green alleges that he slipped and fell after BOP staff excessively waxed the floor and mopped it.

The defendants have filed a motion to dismiss Green's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  For the following reasons, the motion is granted.

BACKGROUND

The complaint alleges the following facts, which are assumed to be true for the purposes of this motion.  Green was a prisoner in pre-trial detention at the MCC in March 2011.  On March 9, the floors in the MCC were "waxed to an unnecessary degree."  BOP staff then mopped the floors shortly before 8:30 p.m. on March 11.  The complaint suggests that BOP staff did not place a warning sign on the wet area.

Green slipped and fell on the freshly mopped floor.  A nearby correction officer did not seek prompt medical care for Green.  Green suffered an injury requiring placement of pins in his arm and wrist, permanently impairing his normal movement.  He did not file a prison grievance about this matter because he could not recover money damages through the grievance process.

Green filed this lawsuit on April 7, 2011.  The complaint was served on the Warden on August 11, and both defendants moved to dismiss all claims in the complaint on November 25.  Four

days later, a scheduling order was issued and mailed to Green's address of record.  Green failed to file an amended complaint or opposition within the time allowed by that order.  Because the BOP inmate lookup website indicated that Green had been transferred to Metropolitan Detention Center, a new scheduling order was issued and mailed to Green at that facility on January 17, 2012.  The January 17 Order instructed Green to maintain a current address of record.  Green did not file an amended complaint or opposition within the time allowed by the January 17 Order.  Since the BOP website indicated that Green had been transferred to a new facility, a final scheduling order was issued on March 5 and mailed to Green at the Federal Correctional Institution in Fort Dix, New Jersey.  The March 5 Order reiterated that Green must maintain a current address of record and warned that the defendants' motion would be treated as unopposed if Green did not file an amended complaint or opposition before April 6.  Green did not respond to the March 5 Order.

DISCUSSION

In their motion to dismiss, the defendants identify five reasons why Green's claims should be dismissed:  (1) Green failed to exhaust administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"); (2) sovereign

immunity bars constitutional claims against the BOP and the Warden in her official capacity; (3) Green did not allege that the Warden was personally involved in any constitutional violation; (4) the Warden is entitled to qualified immunity from suit; and (5) claims against the United States under the Federal Tort Claims Act ("FTCA") fall outside the Court's subject matter jurisdiction.  Because Green failed to satisfy the PRLA's exhaustion requirement, it is unnecessary to address the defendants' alternative grounds for dismissal.

    The PLRA requires a prisoner to exhaust all available administrative remedies before he can bring an action with respect to prison conditions.  See 42 U.S.C. § 1997e(a) (codification of exhaustion requirement); Woodford v. Ngo, 548 U.S. 81, 93-103 (2006).  "Exhaustion is 'mandatory' and 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.'"  Hernandez v. Coffey, 582 F.3d 303, 305 (2d Cir. 2009) (quoting Porter v. Nussle, 534 U.S. 516, 524 (2002)).  "Section 1997e(a) requires 'proper exhaustion,' which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'"  Hernandez, 582 F.3d at 305 (quoting Woodford, 548 U.S. at 90).  "Available," as used in § 1997e(a), "'refers to the procedural means, not the particular relief ordered,' since 'one 'exhausts' processes, not forms of

relief.'"  Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)).  "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."  Porter, 534 U.S. at 524.

"[F]ailure to exhaust is an affirmative defense in a lawsuit governed by the PLRA."  Johnson v. Rowley, 569 F.3d 40, 45 (2d Cir. 2009) (per curiam) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).  Like other affirmative defenses, failure to exhaust may be grounds for dismissal under Rule 12(b)(6) if the defense appears on the face of the complaint.  See Jones, 549 U.S. at 215.

The BOP's Administrative Remedy Program ("ARP") is set forth at 28 C.F.R. § 542.10 et seq.  The ARP permits prisoners in any BOP-operated institution such as MCC to "seek formal review of an issue relating to any aspect of his/her own confinement."  § 542.10(a)—10(b).

Green alleges that his injury was the result of an unmarked, dangerous condition in the MCC, and the failure of a correction officer to respond promptly to his accident.  These circumstances constitute an issue relating to an aspect of Green's confinement; accordingly, Green was required to seek formal review of this issue through the ARP before filing this action.  Green has not alleged any facts suggesting that the ARP

was not "available" to him in this instance.  Green's only allegation regarding the availability of the ARP is that "[t]he grievance procedure is not applicable to monetary damages."  As already explained, the unavailability of money damages does not render a grievance procedure "unavailable" under the PRLA or otherwise excuse a prisoner's failure to grieve his complaint.  Porter, 534 U.S. at 524.

While a court should hesitate to determine exhaustion based on a plaintiff's terse answers to questions in a complaint form, Mojias v. Johnson, 351 F.3d 606, 609 (2d Cir. 2003), Green's failure to respond to the defendants' motion permits dismissal.  In contrast to the sua sponte dismissals forbidden by Mojias, the defendants have moved to dismiss the complaint for failure to exhaust, and Green has been sent at least three notices that his claims may be dismissed on that ground.  In the absence of allegations suggesting that the ARP was not "available" to Green, and in light of the ample notice and opportunity for Green to respond to this motion, it is concluded that the ARP was an administrative remedy that was "available" to address Green's claims for purposes of PLRA exhaustion.

Where a complaint is dismissed for failure to exhaust administrative remedies, dismissal without prejudice is appropriate if the time permitted for pursuing administrative remedies has not expired.  Berry v. Kerik, 366 F.3d 85, 87 (2d

6

Cir. 2004). Prisoners have twenty calendar days to initiate the first formal step of the ARP, subject to extensions where there is a "valid reason for delay." § 542.10 (citing, e.g., transit between facilities and physical incapability as valid reasons for delay). Since the time to file a grievance has expired and Green has not offered any reason for his delay in filing a grievance, the complaint is dismissed with prejudice.

CONCLUSION

The defendants' November 25, 2011 motion to dismiss is granted. The Complaint is dismissed with prejudice.

SO ORDERED:

Dated:   New York, New York
         May 15, 2012

                                    _____
                                         DENISE COTE
                                    United States District Judge

COPIES SENT TO:

Nahoor Greene, Reg. #91505-054
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

Leslie A. Ramirez-Fisher
Assistant United States Attorney
86 Chambers St.
New York, NY 10007